# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2008/0020-2 |
| | ) | |
| NATHANIEL THOMAS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT NATHANIEL THOMAS' MOTION FOR ACQUITTAL AND/OR NEW TRIAL

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Defendant Nathaniel Thomas' Motion for a Judgment of Acquittal and/or New Trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.[1] After reviewing the record, the Court denies Defendant's motion.

**I. Background**

Following a nine day jury trial, Defendant Nathaniel Thomas ("Defendant") and codefendant Amon Thomas were convicted of 1) knowingly and intentionally possessing with intent to distribute, or aiding and abetting the possessing with intent to distribute, 100 or more marijuana plants; 2) knowingly and intentionally manufacturing, or aiding and abetting the manufacturing of, 100 or more marijuana plants; 3) knowingly maintaining, or aiding and

---

[1] Defendant filed no supporting brief with his motion. The Local Rules of Criminal Procedure do not contain a rule governing the submission of motions. However, Local Rule of Criminal Procedure 1.2 states that "[i]n cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply." Local Rule of Civil Procedure 7.1(c) states that "[m]otions, responses, and replies shall be accompanied by a brief which shall contain a concise statement of reasons and citation of authorities." The Court cautions counsel that future motions not filed in compliance with the Local Rules will not be considered.

abetting in the maintaining of, a place or premise that was used for the manufacturing of marijuana.² Defendant now moves for a judgment of acquittal under Rule 29 and for a new trial under Rule 33.

## II. Discussion

### a. Defendant's Rule 29 Motion

#### i. Standard of Review

Defendant's post-trial motion under Rule 29 of the Federal Rules of Criminal Procedure challenges whether the evidence presented to the jury was sufficient to support his conviction beyond a reasonable doubt. *See* Fed. R. Crim. P. 29. On a Rule 29 motion the Court "must determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict." *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001) (quotation omitted); *see United States v. Salmon,* 944 F.2d 1106, 1113 (3d Cir. 1991) (Court must "determine whether a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.").

"The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Serafini*, 233 F.3d 758, 770 (3d Cir.2000). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992) (quotation omitted). This standard is "highly deferential." *Hart*, 273 F.3d at 371 (citation omitted). An insufficiency finding should be "confined to cases where the prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (citation omitted). "Only when the

---

² At the same trial, the third co-defendant, Okimo Mulligan, was not found not guilty of all charges.

record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1990) (citation omitted). "To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilty." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted). "There is no requirement . . . that the inference drawn by the jury be the only inference possible or that the government's evidence foreclose every possible innocent explanation." *Iafelice*, 978 F.2d at 97.

### ii. The Evidence Was Sufficient To Sustain Defendant's Convictions

#### 1. Count 1: Possession of Marijuana with Intent to Distribute

Defendant was convicted of possessing with intent to distribute, or aiding and abetting his codefendants in possessing with intent to distribute, 100 or more marijuana plants.[3] To sustain

---

3 As to counts, 1, 2, and 3, Defendant was convicted as a principal under the substantive criminal statutes (18 U.S.C. § 841 and 19 V.I.I. § 608b) or as an aider and abettor under 18 U.S.C. § 2 and 14 V.I.C. § 11. (*See* Verdict Form as to Nathaniel Thomas, Doc. 243.) Under 18 U.S.C. § 2 and 14 V.I.C. § 11, there is no legal distinction between convictions under primary and aiding and abetting theories of liability. *See Standefer v. United States*, 447 U.S. 10, 21 (1980) (interpreting 18 U.S.C. § 2 and holding that "all participants in conduct violating a federal criminal statute are principals."); *United States v. Dixon*, 658 F.2d 181, 190 n.17 (3d Cir. 1981) (same); *United States v. Hodge*, 211 F.3d 74, 77 (3d Cir. 2000) (holding that under 14 V.I.C. § 11 "an aider and abettor should be treated like any other principal, and be required to 'stand on his own two feet.'"). Furthermore, it is of no practical consequence that the jury convicted Defendant without specifying whether he was a principal or an aider and abettor. *See Schad v. Arizona,* 501 U.S. 624, 631 (1991) (holding that jurors are not constitutionally required to unanimously agree on alternative theories of criminal liability); *United States v. Lee*, 317 F.3d 26, 36 (1st Cir. 2003) ("[I]f a jury is confronted with divergent factual theories in support of the same ultimate issue, courts generally have held that the unanimity requirement is met as long as the jurors are in agreement on the ultimate issue (even though they may not be unanimous as to the precise theory)." (collecting cases)); *United States v. Kim,* 196 F.3d 1079, 1083 (9th Cir. 1999) ("Under *Schad*, however, it was not necessary for the jurors in this case to unanimously agree on a specific classification of [defendant]'s conduct. Nor was it necessary for them to specify which conduct led them to conclude that [defendant] was an accessory."); *State v. Correa*, 696 A.2d 944, 957 (Conn. 1997) (rejecting claim that jury must unanimously agree on whether defendant was guilty as a principal or an accessory); *People v. Perez,* 26 Cal.Rptr.2d 691, 694 (Cal. App. 1993) ("[J]urors need not unanimously agree on the specific theory of liability . . . when separate

this conviction, the jury must have been presented evidence sufficient to satisfy the elements of possession of marijuana with intent to distribute under 21 U.S.C. 841(a)(1) which are: "(1) knowing or intentional (2) possession (3) with intent to distribute of (4) [marijuana]." *United States v. Goldberg*, 538 F.3d 280, 287 (3d Cir. 2008) (citing *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006)). Alternatively, "[i]n order to establish the offense of aiding and abetting, the Government must prove two elements: that the substantive crime has been committed and that the defendant knew of the crime and attempted to facilitate it." *United States v. Frorup*, 963 F.2d 41, 43 (3d Cir. 1992) (citing *United States v. Dixon*, 658 F.2d 181, 189 n. 17 (3d Cir. 1981)).

When viewed in the light most favorable to the Government, the evidence was more than sufficient to support Defendant's guilt beyond a reasonable doubt. First, the Government offered the testimony of several law enforcement officers that they found a total of 311 marijuana[4] plants growing in several locations around the sides and rear of a house located at 6-6 Catherine's Rest. The Government presented to the jury pictures of the marijuana as it was found by police.[5] *See United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005) (affirming district court's denial of defendants' Rule 29 motion and finding that "photographs of marijuana plants and cultivation paraphernalia" were evidence of conspiracy to manufacture marijuana). Police also testified that Defendant was found at the residence during the execution of a search warrant.

Andrea Soto testified that she was the girlfriend of codefendant Amon Thomas and lived with him for two weeks at 6-6 Catherine's Rest in May 2008. She testified that Defendant lived there as well and that when she questioned him about the plants, he responded that they were

---

theories arise from one set of facts." (citing *People v. Melendez*, 274 Cal.Rptr. 599 (Cal. App. 1990))); *Simms v. United States*, 634 A.2d 442, 446 (D.C. 1993) (upholding conviction because "it was sufficient that the jury agreed unanimously that appellant participated in the offense, whether as an aider or principal.").

[4] At trial, a forensic chemist testified that the plants were marijuana.

[5] These pictures were admitted into evidence.

4

used to make "peppermint tea." Ms. Soto testified that her boyfriend, Amon Thomas, cut-off the conversation by stating "you hear what the man say." The jury could have reasonably inferred from these evasive answers that Defendant and Amon Thomas were knowingly growing marijuana. *See United States v. Kemp*, 500 F.3d 257, 296 (3d Cir. 2007) ("It is well-settled that untrue exculpatory statements may be considered as circumstantial evidence of the defendant's consciousness of guilt." (quoting *United States v. Rajewski*, 526 F.2d 149, 158 (7th Cir. 1975))).

The most damaging evidence, however, came from Defendant himself. Police testified that after they arrested Defendant, he made a statement wherein acknowledged that he was growing 30-40 marijuana plants "in the bush, by the gut" at 6-6 Catherine's Rest and that he was taking care of the plants by watering them.[6] *See United States v. Emmons*, 24 F.3d 1210, 1217 (10th Cir. 1994) (finding that evidence, including 150-200 plants growing on defendant's property and proof that he watered them, sufficient to support his convictions for possession of marijuana with intent to distribute and for maintaining place for purpose of manufacturing marijuana plants). His statements were consistent with other evidence presented to the jury including pictures showing two empty gallon sized water jugs and a bag of "Pro-Mix" lying next to marijuana plants.[7] In light of this evidence, a jury could reasonably find that both Defendant and Amon Thomas had knowledge of the drugs and exercised sufficient dominion and control over them to establish constructive possession. *See Iafelice*, 978 F.2d at 96 ("Constructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence."); *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) ("[C]onstructive possession requires an individual to have the power and intent to exercise both

---

[6] The statement was admitted into evidence.
[7] An FBI Agent testified that "Pro-Mix" is a soil additive and that marijuana growers commonly use soil additives like "Pro-Mix" to enhance the growth of marijuana.

dominion and control over the object he or she is charged with possessing. Constructive possession may be proved by circumstantial evidence." (citations omitted)).

The jury was also presented sufficient circumstantial evidence to find that both Defendant and Amon Thomas intended to distribute marijuana. *See Salmon,* 944 F.2d at 1115 (finding that circumstantial evidence was sufficient to support defendant's conviction for possession of cocaine with intent to distribute). "When a defendant is found in possession of a sufficiently large quantity of drugs, an intent to distribute may logically be inferred from the quantity of drugs alone." *United States v. Rodriguez*, 961 F.2d 1089, 1092 (3d Cir. 1992); *see also United States v. Obialo*, 23 F.3d 69, 73 (3d Cir. 1994) ("[T]he amount of drugs has been held to be a basis on which the factfinder can infer intent to distribute.") Here, the quantity of marijuana found at the residence – 311 plants – is a sufficient basis for the jury to conclude that Defendant and Amon Thomas intended to distribute it. *See United States v. 2621 Bradford Drive*, 2010 U.S. App. LEXIS 5317, at *6 (6th Cir. 2010) (unpublished) (finding that possession of 121 marijuana plants sufficient to support inference); *United States v. Evans*, 1993 U.S. App. LEXIS 29992, at *13 (6th Cir. 1993) (unpublished) (possession of 328 marijuana plants sufficient to support inference); *see also United States v. Romero-Reyna*, 867 F.2d 834, 835 (5th Cir. 1989) (possession of 42.5 pounds of marijuana supported inference of intent to distribute); *United States v. Kaufman*, 858 F.2d 994, 1000 (5th Cir. 1988) (finding that two 10 pound bags of marijuana founds in defendant's car was "a larger quantity than an ordinary user would possess for personal consumption."). Defendant himself admitted to growing 30-40 plants, and although he claimed to the police that he grew the marijuana for his own personal use, the jury was free to reject this claim. *See United States v. Wood*, 57 F.3d 913, 918 (10th Cir. 1995) ("Evidence admitted at trial tended to prove that the marijuana defendants admitted that they possessed for

personal use was of a quantity large enough to permit the jury to infer that the drug was intended for distribution.").

There was also additional circumstantial evidence of intent to distribute. Police testified that they found several small plastic Ziploc style bags around the residence and that these types of bags are commonly used to package drugs for distribution. The jury was shown a picture of these bags. Ms. Soto testified that she had seen these types of bags inside the residence and in her car, but that she did not place them there and that Defendant and Amon Thomas had access to the car. The jury could reasonably have inferred that Defendant and Amon Thomas used the bags (or planned to use them) in distributing the marijuana that they were growing at 6-6 Catherine's Rest. *United States v. Triana*, 477 F.3d 1189, 1195 (10th Cir. 2007) (noting that the "scales, glass pipes, and ziplock baggies-so called 'tools of the drug trade'-were further evidence from which the jury could infer an intent to distribute."); *Wood*, 57 F.3d at 919 ("[T]he presence of scales and baggies at the residences of both defendants supports a reasonable inference of an intent to distribute."); *United States v. Walker,* 272 Fed.Appx. 752, 754 (11th Cir. 2008) (unpublished) (finding that presence of ziploc bags in two rooms of residence was circumstantial evidence of intent to distribute marijuana). The Court finds that the evidence is sufficient to sustain the defendant's conviction for possessing with intent to distribute, or aiding and abetting his codefendants in possessing with intent to distribute, 100 or more marijuana plants.

### 2. Count 2: Manufacture of Marijuana

Under 21 U.S.C. § 841(a)(1) "it shall be unlawful for any person knowingly or intentionally to . . . manufacture . . . a controlled substance." The elements of a charge of marijuana manufacture are (1) knowing or intentional (2) manufacture (3) of marijuana. *Id.*; *see also United States v. Ritter*, 2009 U.S. Dist. LEXIS 68963, at *5 (D.V.I. Aug. 6, 2009). This

Court has previously defined the term "manufacture" to include "the propagation of . . . marijuana." *Ritter*, 2009 U.S. Dist. Lexis 68963, at *5 (citing 21 U.S.C. § 802(15)); *see also United States v. Klein*, 850 F.2d 404, 405 (8th Cir. 1988) (holding that manufacturing includes "planting, cultivation, growing, or harvesting of a controlled substance." (quoting 21 U.S.C. §§ 802(15) and (22))).

The evidence produced at trial, including *inter alia* Defendant's statement that he grew and watered 30-40 marijuana plants, photos of hundreds of marijuana plants found at the residence, and photos of gardening implements – e.g. water jugs, empty plant containers, and a bag of "Pro-Mix" found next to a collection of potted marijuana plants – was more than sufficient to sustain Defendant's conviction for knowingly and intentionally manufacturing marijuana or aiding and abetting the manufacturing of marijuana. *See e.g. United States v. Huels*, 31 F.3d 476, 477 (7th Cir. 1994) (evidence that Defendant possessed gardening implements including "a bag of commercial top soil, coils of hose, and a water pump" sufficient to sustain conviction for manufacturing marijuana over claim by Defendant that "he merely stumbled onto the marijuana patch while scouting for deer."). Defendant's claim that he grew plants for his own consumption is of no moment. *See Klein*, 850 F.2d at 405 ("From the evidence introduced at trial, it is clear that [defendant] planted, cultivated and grew marijuana. Whether he did so for his own use rather than for purposes of distribution is irrelevant. His actions violated section 841(a)(1)").

### 3. Count 3: Maintaining a Drug Involved Premises

Section 608b of title 19 of the Virgin Islands Code penalizes "any person who knowingly maintains or operates any premises, place, or facility used for the manufacture" of a Schedule I or Schedule II drug and "any person who knowingly aids, promotes, finances or otherwise

participates in the maintenance or operation of such a premises, place, or facility." *United States v. Thomas*, 2009 U.S. Dist. LEXIS 84449, at *2-3 (D.V.I. Sept. 16, 2009). The elements of this crime are (1) knowingly maintaining or operating a premise or place (2) that was used for the manufacturing of marijuana (3) with the knowledge that the premise or place was used to manufacture marijuana. 19 V.I.C. § 608b.

Here, the evidence was sufficient to meet all the required elements beyond a reasonable doubt. First, the evidence demonstrated that Defendant maintained or operated or aided and abetted in the maintaining of a place or premises. The jury was instructed that to "maintain" means to "keep in good repair, to keep up, to preserve, or protect." *See Thomas*, 2009 U.S. Dist. LEXIS 84449, at *8 (citing Webster's New Collegiate Dictionary at 693 (1976)). This Court has already determined "that the yard at 6-6 Catherine's Rest, where Defendants allegedly manufactured and stored marijuana plants, is a premise and a place" within the meaning of 608b. *See Thomas*, 2009 U.S. Dist. LEXIS 84449, at *8 (citing Webster's New Collegiate Dictionary at 876, 908 (1976)). Ms. Soto testified that in addition to living at 6-6 Catherine's Rest, Defendant and Amon Thomas had used a "weed whacker" that they borrowed from her stepfather to cut the grass around the home. The Court finds that cutting the grass, particularly in this tropical climate, is an act of preserving and protecting the premises and is thus within the meaning of "maintain or operate" as used in section 608b.

The evidence was also sufficient to support a finding that 6-6 Catherine's Rest was used for "manufacturing" marijuana. As the jury was instructed, "manufacturing" includes planting, cultivation, growing, or harvesting of a controlled substance. *See* 21 U.S.C. §§ 802(15) and 802(22); *see also Klein*, 850 F.2d at 405. Here, the evidence was sufficient to support a finding that Defendant and Amon Thomas planted, watered and cultivated marijuana plants.

Finally, the evidence is clear that Defendant and Amon Thomas knew that the premises were being used to grow marijuana. Defendant confessed that the plants were marijuana and that he watered them. The pictures showed that the residence was surrounded by hundreds of potted marijuana plants on three sides. Common sense dictates that occupants of a residence would be aware of such large quantities of marijuana growing right outside the residence. *See United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005) (holding that in reviewing a challenge to sufficiency of evidence, court applies "a rule of reason, knowing that the jury may properly rely on their common sense and evaluate the facts in light of their knowledge and the natural tendencies and inclinations of human beings." (citations omitted)). Furthermore, Ms. Soto testified that Defendant and Amon Thomas gave an evasive answer when she questioned them about the plants. As discussed above, the jury could have inferred from this evidence that Defendant and Amon Thomas knew that they were illegally growing marijuana. Accordingly, the Court finds that the evidence is sufficient to support Defendant's conviction for maintaining, or aiding and abetting in the maintaining of, a place or premise that was used for the manufacturing of marijuana.

**b. Defendant's Rule 33 Motion**

Defendant submitted no memorandum of law in support of his Rule 33 Motion and has therefore identified no basis upon which to grant him a new trial. Having found the evidence sufficient to support Defendant's convictions, the Court denies Defendant's Rule 33 Motion.

### III. Conclusion

The Court finds that the evidence is sufficient to sustain each of Defendant's convictions.

For the reasons stated above, it is hereby **ORDERED** that

Defendant's Motion for a Judgment of Acquittal is **DENIED;**

Defendant's Motion for a New Trial is **DENIED.**

**ENTER:**

**DATED:** July 6, 2010.  _____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT COURT JUDGE